MICHAEL C. BAUM (SBN 65158)
E-Mail: mbaum@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Plaintiff Paige, LLC, a
California limited liability company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PAIGE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DIGITAL BRANDS GROUP, INC. dba DSTLD, a Delaware corporation; AND DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) Copyright infringement;**<br><br>**(2) False Advertising (California Bus & Prof. Code §§ 17500 and 17535);**<br><br>**(3)   Unfair Competition (California Bus. & Prof. Code §§ 17200 And 17203); and**<br><br>**(4)   Unfair Competition (California Common Law)** |

Paige, LLC ("**Plaintiff**" or "**Paige**") hereby alleges as follows:

## PARTIES

1. Plaintiff is a California limited liability company organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

2. Plaintiff is informed and believes, and based thereon alleges, that defendant Digital Brands Group, Inc. dba DSTLD, a Delaware corporation ("**DSTLD**" or **Defendant**") is a corporation, organized and existing under the laws of

1  the State of Delaware whose principal place of business is Texas.

2      3.    Plaintiff is informed and believes, and based thereon alleges, that DSTLD is doing business, including in this judicial district, as a designer, manufacturer, importer, wholesaler, and/or retailer of apparel. Plaintiff is informed and believes, however that DSTLD has not qualified to do business in California with the California Secretary of State.

    4.    Plaintiff is informed and believes, and based thereon alleges, that defendants DOES 1 through 10, inclusive, have infringed Plaintiff's Copyrights, have contributed to infringement of Plaintiff's Copyrights, and/or engaged in one or more of the wrongful practices alleged herein. The true names of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

    5.    Hereinafter defendants DSTLD and DOES 1 through 10, inclusive, shall be referred to collectively as "**Defendants**."

## JURISDICTION AND VENUE

    6.    This action arises under the Copyright Act of 1976, Title 17 U.S.C. §101 *et seq*.

    7.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and §1338(a). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. 1338(b) and 1367 over Plaintiff's claims that arise under the laws of the State of California.

    8.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## THE COPYRIGHTED DESIGN

    9.    Plaintiff has over the course of many years developed a distinctive brand and a particular "look and feel" to its clothing. Plaintiff has spent large sums of money in connection with advertisement of its products and cultivation of its brand and image.

    10.    As a result of these efforts and expenditures, Plaintiff has developed a

loyal following among retailers and consumers for its original designs and premium quality products.

11.  In connection with a current advertising campaign, Plaintiff conducted a photoshoot with Blake Hardy, a professional model, during which he wore Plaintiffs upcoming line of clothing.  One of those items that he wore, and was a focus of the photoshoot, was Plaintiff's "Newsom Moto Jacket" in black leather that is part of its ICON Capsule collection (the "**Jacket**").

12.  As part of its brand cultivation efforts, Paige hires a videographer to create a movie version of the photoshoot that can then be used on social media and shown to retailers to generate buzz and overall excitement for its products.  Further, consistent with its branding approach, Paige records "Behind the Scenes" videos of the Photoshoots which it then uses in social media campaigns.

13.  Plaintiff is the copyright holder of the original motion picture, which it has titled: "Behind the Scenes: Blake Hardy Paige August 24, 2002 Photo Shoot" (the "**Video**").  The Video was created on August 24, 2022, and first shown to the public on November 30, 2022, when it was published – with permission and as part of Plaintiff's social media strategy – to Mr. Hardy's Instagram page. (https://www.instagram.com/p/ClmYDT0Sp19/?igshid=YmMyMTA2M2Y%3DCITE.)  Attached hereto as Exhibit 1 is a screen shot from of Mr. Hardy's post.

14.  On or about December 7, 2022 Plaintiff obtained a Certificate of Registration for the Video from the United States Copyright Office, bearing registration number PA 2-383-826.  Attached hereto as Exhibit 2 is a true and correct copy of the Certificate of Registration for the Video.

15.  On or about December 2, 2022, Plaintiff and Hardy discovered that DSTLD has taken a screen capture from the Video showing Hardy wearing the Jacket and posted it on its Website (www.DSTLD.com) and Instagram Account (https://www.instagram.com/p/ClmadGtOlhu/), representing to the general public that Mr. Hardy was wearing a DSTLD jacket.  Attached hereto as Exhibit 3 is a true

and correct copy of DSTLD's Instagram post, which was also used on its website. Defendant's website and Instagram post, by using a screen capture of the Video, passed off Plaintiff's products as its own.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement

### Against DSTLD and DOES 1-10)

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 15 hereinabove, and incorporates them by reference as if fully set forth herein.

17. Within the last three years, Defendants have published, without authorization, on its website and Instagram page a screen capture image from the Video.

18. Defendants infringing republishing of the screen capture from the Video was made available to retailers and consumers throughout the United States, including within this judicial district.

19. By Defendants willful, knowing and unauthorized republishing of the screen capture image from the Video, Defendants have infringed on Plaintiff's Copyright in the Video.

20. Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

21. Defendants' willful and intentional infringing activities have continued and will continue to the detriment of Plaintiff, and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods.

22. By reason of the acts of Defendants alleged herein, Plaintiff has suffered

actual damages in an amount subject to proof at trial.

23. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Copyrighted Design. Pursuant to the Copyright Act, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Video in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits resulting from Defendants' acts of infringement, which are subject to proof at trial.

24. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringed copyright and per retailer stream of commerce.

## SECOND CLAIM FOR RELIEF

**False Advertising (California Bus & Prof. Code §§ 17500 and 17535)
– Against All Defendants)**

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 15 hereinabove, and incorporates them by reference as if fully set forth herein.

26. DSTLD, however, did not simply republish the screen capture from the Video without authorization. As set forth above, Defendants disseminated or caused to be disseminated advertisements featuring Plaintiff's Jacket via the screen capture from the Video in an effort to cause consumers to purchase DSTLD's leather jacket. DSTLD specifically claimed in the Instagram advertisement that the Jacket was its product. By falsely associating the Jacket with DSTLD, Defendants drove consumers to its website to purchase the Jacket and/or other products.

27. Plaintiff is informed and believes, and based thereon alleges, that

consumers did, in fact, visit DSTLD's website and buy products as a direct result of the Instagram advertisement.

28. Plaintiff is further informed and believes, and based thereon alleges, that by posting the screen capture portion of the Video to its website, Defendants caused consumers to search through the DSTLD website to try and locate the product, but whom ultimately bought other DSTLD products.

29. DSTLD, however, was not content to simply advertise the jacket as its own. In addition to attempting to drive consumers to its website, and/or spend more time on its website looking at *other* products, DSTLD engaged in a classic bait-and-switch. Instagram, on its phone application, allows retailers to establish a "click to buy" option, whereby an Instagram user could click on a picture of a product and be taken to the retailer's website to purchase the same. Defendants enabled this "click to buy" functionality to create its fraudulent advertisement such that a user could click to "Purchase" the jacket advertised in the unauthorized screen capture (as shown in Exhibit 4). That advertisement, however, then took the consumer to a page offering a *different* leather jacket.

30. Plaintiff is informed and believes, and based thereon alleges, that consumers purchased DSTLD's leather jacket based on the false and misleading advertising.

31. Plaintiff is further informed and believes, and based thereon alleges, that consumers that purchased DSTLD's leather jacket would have purchased Plaintiff's leather jacket but-for the fraudulent advertising. Plaintiff, therefore, suffered actual and direct damages as a result of DSTLD's fraudulent advertising.

32. Defendants' acts as alleged herein constitute the use of deceptive, untrue, and misleading advertising, of which Defendants knew or should have known, thereby causing direct damages to Plaintiff and otherwise adversely affecting Plaintiff's business and reputation (including by leading customers to believe that Plaintiff's Jacket was a knock-off of a DSTLD jacket). These acts constitute false

advertising under California Business and Professions Code §§ 17500 and 17535, and California common law.

33. Money damages will not adequately remedy Plaintiff's injuries. Plaintiff, therefore, is entitled to temporary, preliminary, and permanent injunctive relief prohibiting Defendants from continuing such acts of false and misleading advertising.

34. Plaintiff also is entitled to damages, Defendants' profits, and other remedies according to proof at trial, including costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition (California Bus. & Prof. Code §§ 17200 and 17203) – Against All Defendants)

35. Plaintiff repeats and realleges the allegations contained in each of the foregoing paragraphs of this Complaint as though fully set forth herein.

36. Defendants' wrongful conduct as alleged herein constitutes unfair competition and unfair business practices.

37. Based on the wrongful, unlawful, fraudulent, and unfair acts described herein, Defendants are in violation of California Business and professions Code §§ 17200 and 17203.

38. Plaintiff has suffered, is suffering, and will continue to suffer monetary loss as a result of Defendants' unfair business practices.

39. Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm and injury for which it has no adequate remedy at law. Plaintiff, therefore, is entitled to permanent injunctive relief against further unfair conduct by Defendants.

/ / /
/ / /
/ / /
/ / /

## FOURTH CLAIM FOR RELIEF

## (Unfair Competition (California Common Law)

## – Against All Defendants)

40. Plaintiff repeats and realleges the allegations contained in each of the foregoing paragraphs of this Complaint as though fully set forth here.

41. Defendants' wrongful conduct as alleged herein constitutes unfair competition and unfair business practices under California common law.

42. Defendants have profited and is profiting from such unfair conduct.

43. Plaintiff, therefore, is entitled to recover restitution in the form of Defendants' profits, in an amount to be proven at trial, as a consequence of GL Defendants' wrongful activities.

44. Defendants' aforesaid conduct has been wrongful, unlawful, unfair, fraudulent, willful, wanton, and malicious, done with intent, and in conscious disregard for the rights of Plaintiff in violation of California Civil Code § 3294(a). Plaintiff, therefore, is entitled to punitive damages pursuant to California Civil Code § 3294(a).

## PRAYER

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as follows:

<u>On The First Cause of Action</u>

1. Actual damages, plus Defendants' profits attributable to the Defendants' infringement of the Video, in an amount subject to proof at trial; or, if elected, statutory damages as available under the Copyright Act of $150,000.00.

<u>On the Fourth Cause of Action</u>

2. Consequential damages in an amount subject to proof at trial.

3. An award of punitive damages, to the maximum extent allowable by law.

/ / /

/ / /

On All Causes of Action

4. For a preliminary injunction and a permanent injunction, restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using Plaintiff's Video for any purpose.

5. For an order requiring the destruction of all infringing uses of the Video, including but not limited to the deletion of the Instagram post and removal of the screen capture from the DSTLD website.

6. For costs and attorneys' fees incurred, to the maximum extent allowed by law.

7. For such further and other relief as the Court deems just and proper.

DATED:  December 16, 2022        RESCH POLSTER & BERGER LLP


By: /S/*Andrew V. Jablon*
ANDREW V. JABLON
Attorneys for Plaintiff
Paige, LLC

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

DATED: December 16, 2022          RESCH POLSTER & BERGER LLP

By: _/S/Andrew V. Jablon_____
Andrew V. Jablon
Attorneys for Plaintiff
Paige, LLC